# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| KO CHANHKONGSHIN #17388-035 | CASE NO. 6:18-CV-00252 SEC P |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| USA | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the court is a petition for a writ of habeas corpus filed by *pro se* petitioner Ko Chanhkongshinh, pursuant to 28 U.S.C. § 2241. This petition was received and filed in this Court on February 23, 2018. [Rec. Doc. 1] On April 4, 2018, the matter was transferred to the Lafayette Division of this Court to determine if the petition is one under 28 U.S.C. § 2241 or 28 U.S.C. § 2255. [Rec. Doc. 2]

Petitioner is incarcerated at the Adams County Correctional Center in Washington, Mississippi, where he is serving a sentence of 75 months imposed following his January 14, 2016 conviction for conspiracy to distribute and possess with intent to distribute methamphetamine in the United States District Court for the Western District of Louisiana. [See *United States of America v. Ko Chanhkongshinh*, No. 6:14-cr-00203.] He names the United States as respondent.

It appears that Petitioner has not sought appellate review of his conviction and sentence. He contends that his conviction and sentence are invalid, arguing that the subsequent indictment and plea of guilty to obstruction of justice by Jason Comeaux,

an agent involved in his case, prejudices his case as it calls into question Comeaux's credibility. He seeks to have his conviction and sentence vacated and set aside.

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and § 2255 is the proper means of attacking errors that occurred during or before sentencing. *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997). Petitioner's claim for habeas corpus relief rests entirely upon the premise that his conviction and sentence are invalid. The petition is devoid of any claim solely directed to the manner in which the sentence is being executed.

"A petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.'" *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging his detention.

Accordingly, Petitioner is put on notice of the court's intent to re-characterize his §2241 petition as a §2255 motion. Petitioner is further put on notice that the re-characterization of his petition will subject subsequent §2255 motions to the law's "second or successive" restrictions. *See Castro V. US*, 124 S.Ct. 786 (2003).

Petitioner is hereby granted **thirty (30) days** to inform this Court whether he

seeks to withdraw his motion or he seeks to amend it so that it contains all the §2255 claims he believes he has. If he does not file his intent within the time permitted, it will be recommended that this action be dismissed.

    THUS DONE in Chambers on this 9th day of May, 2018.

**Patrick J. Hanna**
**United States Magistrate Judge**